IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | |
| v. | : | Criminal No. 97-404-01 |
| | : | Civil Action No. 07-2441 |
| CORNELIUS ALBERT | : | |

**MEMORANDUM AND ORDER**

AND NOW, this 26th day of June, 2007, upon consideration of the motion to vacate, set aside, or correct sentence by a person in federal custody filed by petitioner Cornelius Albert ("Albert") (Doc. No. 293) and the relevant portions of the official record of this case, the court makes the following findings and conclusions:

1.  After being convicted of conspiracy to commit credit card fraud and use of counterfeit access devices by a jury, Albert was sentenced by this court on November 12, 1998, to a term of one hundred sixty-two months imprisonment, three years of supervised release and restitution in the amount of $3,091,250. On November 29, 1999, the United States Court of Appeals for the Third Circuit ("Third Circuit") affirmed Albert's conviction and sentence. U.S. v. Albert, 203 F.3d 818 (3d Cir. 1999). On June 12, 2000, the Supreme Court of the United States ("Supreme Court") denied Albert's petition for a writ of certiorari. See U.S. v. Albert, 530 U.S. 1235 (2000).

2.  On June 11, 2001, Albert filed a motion under 28 U.S.C. § 2255 ("§ 2255 motion") to vacate, set aside or correct sentence. (Doc. No. 244). On August 16, 2002, this court entered an order denying Albert's § 2255 motion. (Doc. No. 254).

3.  On June 19, 2003, the Third Circuit entered an order that denied Albert's request for a certificate of appealability of the August 19, 2002 order of this court because Albert did not make a substantial showing of the denial of a constitutional right.

4.  On September 26, 2005, Albert filed what he nominally described as a Rule 60(b) motion (Doc. No. 280/281), which this court construed as a second or successive § 2255 motion. See Gonzolez v. Crosby, 545 U.S. 524, 531-32 (2005) (holding that a Rule 60(b) motion will be considered a de facto habeas petition if it attacks the court's resolution of a claim on the merits). Since Albert had not secured an order from the Third Circuit to consider his motion as a second or successive habeas corpus application, this court denied his motion on December 15, 2005. (Doc. No. 287). This court's denial of Albert's Rule 60(b) motion is currently on appeal before the Third Circuit.

5.  On June 15, 2007, Albert filed the current motion[1] alleging that a "structural error" was committed by this court when it disqualified Albert's counsel on December 12, 1997. Albert alleges that his motion should be granted pursuant to the retroactive application of the Supreme Court's holding in U.S. v. Gonzalez-Lopez, that the trial court's erroneous deprivation of a defendant's Sixth Amendment right to counsel of his choice was a "structural error" entitling a defendant to reversal of his conviction.[2]  126 S.Ct. 2557, 2563-66 (2006).

6.  28 U.S.C § 2244(b)(3) provides: "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Albert did not move

---

[1] Albert did not specifically state that he was bringing the current motion pursuant to 28 U.S.C. § 2255, however, the court considered this to be a § 2255 motion since that is the vehicle he would have to use to obtain the requested relief. Since this motion is a successive § 2255 motion, the court was not required to, and thus did not, provide Albert with the Miller notice. Littles v. U.S., 142 Fed. Appx. 103, 104 n.1 (3d Cir. 2005); See also U.S. v. Chew, 284 F.3d 468, 470 (3d Cir. 2002), *cert. denied*, 510 U.S. 1169 (2004).

[2] The court notes that Albert argued in his brief to the Third Circuit when his case was on direct appeal that this court had violated his Sixth Amendment rights by disqualifying his counsel. Corrected Brief for Appellant Cornelius Alexander Albert at 43-53, U.S. v. Albert, 203 F.3d 818 (3d Cir. 1999), *cert. denied*, 530 U.S. 1235 (2000). In an unreported opinion, the Third Circuit stated, "[w]e agree with the trial court's decision to disqualify Mr. Deitch" and accordingly held that this court had not abused its discretion in so doing. U.S. v. Albert, No. 98-2058, at *11 (3d Cir. Nov. 29, 1999).

the Third Circuit for such an order. When a second or successive § 2255 motion is erroneously filed with the district court, "the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631."[3] Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002), *cert. denied*, 540 U.S. 826 (2003). The Third Circuit found that it "would circumvent the intent of the gatekeeping function of § 2244 for the district court to proceed to rule on the merits of a second or successive petition" before the Third Circuit determined if the habeas petition could proceed. Id. at 140. If the one year statute of limitations in § 2255 is found to apply to the within proceedings, it runs from "the date on which the right asserted was initially recognized by the Supreme Court." See 28 U.S.C. § 2255. The case upon which Albert relies for relief herein was decided on June 26, 2006. Accordingly, in the "interest of justice" this court will transfer Albert's motion to the Third Circuit because dismissing Albert's motion may cause any such refiled motion to be time barred. See 28 U.S.C. §§ 1631; 2255.

As a result, it is hereby **ORDERED** that Cornelius Albert's motion to vacate, set aside, or correct sentence by a person in federal custody (Doc. No. 293), a copy of which is attached hereto, is **TRANSFERRED** to the United States Court of Appeals for the Third Circuit.

S/Lowell A. Reed, Jr.
LOWELL A. REED, JR., S.J.

---

[3] Because this court does not have jurisdiction to decide the merits of Albert's current motion, there is a conclusive showing that Albert is not entitled to relief from this court at this time, so there is no need to notify the United States Attorney or hold a hearing therein. See 28 U.S.C. § 2255.